UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VERONICA BOURGEOIS | CIVIL ACTION |
| VERSUS | NO. 22-5136 |
| ALLSTATE INSURANCE COMPANY | SECTION "R" |

## ORDER AND REASONS

Before the Court is defendant Allstate Insurance Company's unopposed motion to dismiss with prejudice.[1] For the following reasons, the Court grants in part and denies in part the motion.

## I.  BACKGROUND

The law firm McClenny, Moseley & Associates ("MMA") filed this action on behalf of plaintiff Veronica Bourgeois on December 8, 2022.[2] The case, along with all other cases filed by MMA pending in this District, was subsequently stayed due to fraudulent conduct by the firm.[3] Plaintiff's counsel withdrew, leaving her unrepresented.[4] On June 30, 2023, Chief

---

[1]   R. Doc. 23.
[2]   R. Doc. 1.
[3]   R. Docs. 10 and 11.
[4]   R. Docs. 13 and 15.

Magistrate Judge Michael North sent a letter to plaintiff notifying her of the action and informing her that, to proceed with the lawsuit, she could take one of three actions: (1) retain a new lawyer, (2) represent herself, or (3) dismiss the lawsuit and waive her rights regarding the insurance claim at issue therein.[5] The letter also ordered plaintiff to notify the Court of her decision within sixty days and noted that her failure to respond may result in dismissal of her case.[6]

On August 15, 2023, plaintiff filed a response to Chief Magistrate Judge North's letter using the attached form.[7] Plaintiff confirmed her contact information and signed the form but did not check any box to indicate which of the three actions she desired to take.[8] Her case has remained open, but with no other movement on the docket for over a year since her filing the partially completed form, defendant moved for involuntary dismissal with prejudice under Federal Rule of Civil Procedure 41(b) on September 16, 2024.[9] Plaintiff has not responded.

The Court considers the motion below.

---

| | |
|---|---|
| 5 | R. Doc. 16. |
| 6 | *Id* at 2. |
| 7 | R. Doc. 17. |
| 8 | *Id*. |
| 9 | R. Docs. 25. |

2

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal with prejudice for failure to comply with a court order should be a last resort, and "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate." *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008). Dismissal with prejudice under Rule 41(b) is appropriate only "where there is a 'clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice.'" *Id.* (quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985)). Typically, one of three aggravating factors must be present: "(1) delay caused by the plaintiff [herself] and not [her] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Conversely, dismissal without prejudice is not an adjudication on the merits, and courts are afforded greater discretion in dismissing claims for failure to prosecute or failure to comply with any court order in this manner. *See Brooks v.*

*Pinkerton Sec.*, 3 F.3d 439, 1993 WL 347230, at *1 (5th Cir. 1993) (citing *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)).

Plaintiff failed to adequately respond to Chief Magistrate Juge North's letter. Plaintiff did not indicate if she would retain a new lawyer, represent herself, or willingly dismiss the lawsuit, and more than a year has passed with no further action. Plaintiff has not retained new counsel or attempted to prosecute this case as a *pro se* litigant. *In re Taxotere Products Liability Litigation* dealt with a plaintiff who was ordered to submit a fact sheet within a certain number of days after filing the case. *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 355 (5th Cir. 2020). After multiple extensions, plaintiff returned the form but failed to fill it out correctly and left several important questions blank. *Id.* at 356. The Fifth Circuit affirmed the dismissal of plaintiff's claim due to her "fail[ure] to comply with the court's order to submit a complete [form] for nearly five months." *Id.* at 360. Here, given plaintiff's failure to comply with the Court's directive for over a year, the Court finds a "clear record of delay." *See, e.g.*, *In re Deepwater Horizon*, 907 F.3d 232, 235–36 (5th Cir. 2018) (finding a clear record of delay where plaintiffs failed to submit wet-ink signatures as ordered by the court for months after the deadline).

4

Nevertheless, the Court is not satisfied that involuntary dismissal with prejudice is appropriate. This Court has not previously imposed "lesser sanctions" for plaintiff's delay, and there is no evidence that plaintiff's delay has caused actual prejudice to defendant or that plaintiff has intentionally delayed. *See Bryson*, 553 F.3d at 404. The Court therefore finds that the lesser sanction of dismissal without prejudice is warranted. *See id.*; *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal without prejudice of action for want of prosecution where litigant was given four months to respond to a court order, yet failed to do so, and the court warned that failure to respond could result in dismissal); *see also Williams v. Am. Zurich Ins. Co.*, No. 22-4777, 2024 WL 1967155, at *2 (E.D. La. May 3, 2024) (granting defendant's motion for involuntary dismissal after finding clear record of delay, but denying defendant's request that such dismissal be with prejudice because lesser sanction of dismissal without prejudice was more appropriate).

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART defendant's motion for involuntary dismissal. The Court GRANTS defendant's request for involuntary dismissal but DENIES the request

insofar as it seeks dismissal with prejudice. Accordingly, the plaintiff's claims against defendant are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __18th__ day of October, 2024.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE